IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM MINNIX,

           Plaintiff,

    v.

TOBIAS READ, Oregon Secretary of State,

           Defendant.

Case No. 3:25-cv-01962-AB

OPINION & ORDER

**BAGGIO, District Judge:**

Self-represented Plaintiff William Minnix brings this 42 U.S.C. § 1983 action against Defendant Tobias Read, the Oregon Secretary of State. Second Am. Compl., ECF No. 43. Defendant answered and pleaded three affirmative defenses: failure to state a claim, laches, and unclean hands. Def.'s Answer Second Am. Compl. ("Answer"), ECF No. 45. Plaintiff moves to strike Defendant's affirmative defenses. Pl.'s Mot. Strike Def.'s Affirmative Defenses ("Pl.'s Mot."), ECF No. 50.[1] For the reasons below, the Court denies Plaintiff's Motion.

//

---

[1] Both ECF No. 49 and ECF No. 50 contain Plaintiff's Motion. The Motion is identical in the two filings; however, ECF No. 50 includes two attachments. Because ECF No. 50 is the more complete version, the Court cites the Motion as ECF No. 50.

1 – OPINION & ORDER

## STANDARDS

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). "Motions to strike are disfavored and infrequently granted." *Legal Aid Servs. of Or. v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008), *aff'd*, 608 F.3d 1084 (9th Cir. 2010). Rule 12(f) motions are disfavored because "[t]here is a judicial preference for deciding matters on their merits when possible." *City of Portland v. Iheanacho*, No. 3:17-cv-0401-AC, 2018 WL 1426564, at *2 (D. Or. Mar. 22, 2018) (citing *Patapoff v. Vollstedt's, Inc.*, 267 F.2d 863, 865 (9th Cir. 1959)). The disposition of a motion to strike is within the sound discretion of the district court. *Whittlestone*, 618 F.3d at 974.

## DISCUSSION

Plaintiff moves to strike Defendant's affirmative defenses of failure to state a claim, laches, and unclean hands. *See generally* Pl.'s Mot. Defendant responds in opposition. Def.'s Resp. Opp'n Pl.'s Mot. Strike ("Def.'s Resp."), ECF No. 51. Plaintiff untimely replied.[2] Because

---

[2] Plaintiff filed two replies. *See* Pl.'s Reply Supp. Mot. Strike, ECF No. 53; Pl.'s Am. Reply Supp. Mot. Strike ("Pl.'s Reply"), ECF No. 54. As a preliminary matter, the Court obverses that the replies themselves are similar but not identical. The Court further observes that ECF No. 54 contains attachments documenting Plaintiff's medical situation. *See* Pl.'s Reply Attach. 1, ECF No. 54-1; Pl.'s Reply Attach. 2, ECF No. 54-2; Pl.'s Reply Attach. 3, ECF No. 54-3. Because the replies contain similar material and because ECF No. 54 is later filed and more complete, the Court considers ECF No. 54 to be the controlling reply. Turning to timeliness, both replies were filed on June 8, 2026. Under Local Rule 7-1(e)(2), "[a] party must file and serve any allowable reply to the response within 14 days after service of the response." Defendant

2 – OPINION & ORDER

Plaintiff attacks all affirmative defenses as "conclusory[] and unsupported by factual allegations[,]" Pl.'s Mot. 1, the Court first addresses the pleading standard for affirmative defenses. The Court then addresses each affirmative defense in turn.[3]

## I.      Pleading Standard for Affirmative Defenses

Although Plaintiff does not explicitly raise the relevant caselaw, the Court construes Plaintiff's argument that the affirmative defenses are unsupported by factual allegations as pressing upon the pleading standard for affirmative defenses. Courts are split about whether the heightened pleading standard governing complaints articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) controls the pleading of affirmative defenses or whether fair notice pleading applies. If *Twombly*/*Iqbal* apply, the affirmative defense must allege sufficient facts to "plausibly" support the defense. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. If fair notice pleading applies, the affirmative defense need only "describ[e] the defense in general terms." *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (citation modified). "[N]either the Supreme Court nor the Ninth

---

responded on April 28, 2026. Def.'s Resp. Therefore, Plaintiff's reply was due May 12, 2026. Plaintiff reports, in the context of Plaintiff's failure to confer, that he was hospitalized for periods of April and May and underwent surgery in May. Pl.'s Reply 1–2. In light of Plaintiff's self-represented status and medical situation, the Court will consider Plaintiff's untimely filing. The Court notes that the reply does not alter the Court's conclusions.

[3] Plaintiff again failed to confer with Defendant's counsel pursuant to Local Rule 7-1. In a previous Order, the Court stated, "Plaintiff is advised that for future motions he must confer with Defendant's counsel prior to filing and must certify to such conferral in the first paragraph of any motion, pursuant to Local Rule 7-1." Order, ECF No. 39. Defendant raised Plaintiff's failure to confer. Def.'s Resp. 1–2. Plaintiff in reply acknowledged the issue and indicated that he believed that the parties' "ongoing communications . . . satisfied the purpose and spirit of Local Rule 7-1." Pl.'s Reply 2. In light of Plaintiff's self-represented status, the Court considers Plaintiff's Motion despite Plaintiff's failure to confer. The Court clarifies, however, that ongoing communications with opposing counsel are not sufficient under Local Rule 7-1. Plaintiff must, for any future motion, explicitly confer about the motion with Defendant's counsel and certify to that conferral in the first paragraph of any motion. Failure to do so may result in the Court summarily striking future motions.

3 – OPINION & ORDER

Circuit has considered whether the requirements set forth in [*Twombly* and *Iqbal*] also apply to a defendant's affirmative defenses" and district courts are split as to which standard applies. *Kanaan v. Yaqub*, 709 F. Supp. 3d 864, 867 (N.D. Cal. 2023); *Est. of Osborn-Vincent v. Ameriprise Fin., Inc.*, No. 3:16-CV-02305-YY, 2019 WL 764029, at *3–4 (D. Or. Jan. 3, 2019) (cataloguing split in the District of Oregon), *report and recommendation adopted sub nom. Est. of Osborn-Vincent v. Ameriprise Fin. Servs., Inc.*, 2019 WL 943379 (D. Or. Feb. 25, 2019).

The Ninth Circuit has, however, applied the fair notice standard to affirmative defenses in two cases decided after *Twombly* and *Iqbal* and one case decided after *Twombly*. *Kohler*, 779 F.3d at 1019; *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010); *Schutte & Koerting, Inc. v. Swett & Crawford*, 298 F. App'x 613, 615 (9th Cir. 2008). Together, these cases suggest that the Ninth Circuit has not adopted the *Twombly*/*Iqbal* standard for affirmative defenses. *See McDonald v. Alayan Alayan*, No. 3:15-CV-02426-MO, 2016 WL 2841206, at *3 (D. Or. May 13, 2016); *Fathers & Daughters Nevada, LLC v. Moaliitele*, No. 3:16-CV-926-SI, 2016 WL 7638187, at *2 (D. Or. Dec. 19, 2016). In addition, this court is persuaded by both "textual and pragmatic reasons" to apply the fair notice standard. *Kanaan*, 709 F. Supp. 3d at 868. Textually, as the *Kanaan* court observed:

> the language of Rule 8(a)(2) governing the pleading standards for claims substantially differs from the language of Rules 8(b)(1)(A) and 8(c) governing defenses. Rule 8(a)(2) requires the pleader to "*show*[] that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). Rule 8(b)(1)(A), by contrast, only requires that the responding party "state" its defenses.

*Id.*; *see also McDonald*, 2016 WL 2841206, at *3; *Fathers & Daughters*, 2016 WL 7638187, at *3. There are also pragmatic and fairness reasons to employ a fair notice standard, namely (1) plaintiffs have more time (constrained only by the statute of limitations) than defendants to draft pleadings, and (2) plaintiffs may usually amend a complaint at least once, while defendants must

4 – OPINION & ORDER

raise affirmative defenses or risk waiver. *Kanaan*, 709 F. Supp. 3d at 868; *Fathers & Daughters*, 2016 WL 7638187, at \*3.

Having established that affirmative defenses are governed by fair notice pleading standards—requiring only a description of the defense in general terms, *Kohler*, 779 F.3d at 1019—the Court turns to the affirmative defenses Plaintiff seeks to strike.

## II.    Failure to State a Claim

Defendant's first affirmative defense pleads that "Plaintiff has not been deprived of any right, privilege, or immunity secured by the Constitution, the laws of the United States, or the State of Oregon, and therefore fails to state a claim for relief." Answer 3. Plaintiff moves to strike because "[t]his is not an affirmative defense—it is a Rule 12(b)(6) argument." Pl.'s Mot. 2. Defendant counters, citing Federal Rule of Civil Procedure 12(h)(2)(a), that a failure to state a claim defense may be asserted in a pleading. Def.'s Resp. 2–3.

"Courts are split on whether failure to state a claim can be raised as an affirmative defense." *Kanaan*, 709 F. Supp. 3d at 869 (citing cases and ultimately allowing defense). Indeed, courts in this District are split. *Compare Bong v. Brown*, No. 6:23-cv-00417-MTK, 2025 WL 842316, at \*3 (D. Or. Mar. 18, 2025) ("[F]ailure to state a claim is commonly pled as an affirmative defense in an answer because Fed. R. Civ. P. 12(h)(2) allows it to be raised 'in any pleading' . . . . It can be alleged in a conclusory fashion and can be treated as a specific denial as to [the plaintiff's] . . . claims."), *with Voltage Pictures, LLC v. Blake*, No. 3:14-cv-1875-AC, 2015 WL 9272880, at \*6 (D. Or. Dec. 17, 2015) ("Failure to state a claim is not an affirmative defense. Affirmative defenses raise matters extraneous to the complaint. Failure to state a claim is a denial of the allegations in a complaint, raising no extraneous issues." (citations omitted)).

5 – OPINION & ORDER

The Court permits Defendant to raise failure to state a claim as a defense in its Answer. The Court recognizes that failure to state a claim is a negative, not affirmative, defense. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (noting a "defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense"). "But, at this stage in the litigation, striking negative defenses would do little more than tidy up the pleadings." *McBurney v. Lowe's Home Ctrs., LLC*, No. 1:13-cv-00540-ELJ-CWD, 2014 WL 2993087, at *3 (D. Idaho July 2, 2014). Even if the Court struck the affirmative defense, a defendant "would still be entitled to argue that [the plaintiff] does not state a claim upon which relief can be granted." *Id.* (citing Fed. R. Civ. P. 12(h)(1) as providing that failure to state a claim defense is not waived when omitted from a responsive pleading). "Given these practical realities, the Court is loath to micro-manage the pleadings . . . ." *Id.* The Court denies Plaintiff's Motion to strike the failure to state a claim defense.

## III.    Laches

Defendant's second affirmative defense pleads "Plaintiff's claims are barred by the doctrine of laches because Plaintiff delayed unreasonably in bringing this suit." Answer 3. Plaintiff moves to strike because "constitutional claims are governed by statute of limitations, not equitable laches . . . ." Pl.'s Mot. 2. Defendant argues that laches applies to an equitable claim such as the instant one. Def.'s Resp. 3.

"[D]istrict court cases from within the Ninth Circuit . . . have held that laches is inapplicable to . . . Section 1983 claims for monetary damages only." *Acasio v. Lucy*, No. 14-cv-04689-JSC, 2017 WL 1316537, at *16 (N.D. Cal. Apr. 10, 2017). However, "[l]aches is available in Section 1983 civil rights cases where the plaintiff seeks injunctive relief." *Id.*; *see also Soules v. Kauaians for Nukolii Campaign Comm.*, 849 F.2d 1176, 1182 (9th Cir. 1988)

("[T]he district court did not err in barring appellants' [§ 1983] equal protection claim for equitable relief on the ground of laches."); *Cannon v. Univ. of Chicago*, 710 F.2d 351, 359 (7th Cir. 1983) ("Neither Supreme Court nor Seventh Circuit precedent prohibits application of the doctrine of laches to [the plaintiff's equitable] Section 1983 claim . . . .").

Here, Plaintiff seeks equitable relief. *See* Second Am. Compl. 3. Therefore, Defendant may plead laches as an affirmative defense and Plaintiff's Motion to strike on the basis that laches cannot apply to this § 1983 equitable action is denied.

## IV.    Unclean Hands

Defendant's third affirmative defense pleads "Plaintiff's claims are barred by the doctrine of unclean hands because Plaintiff refused opportunities to remedy the purported form deficiency on which his claims are based." Answer 3. Plaintiff moves to strike because (1) "Defendant provides no factual detail;" (2) "Plaintiff did not create the defective forms;" (3) "Plaintiff repeatedly sought correction from the State;" and (4) "the alleged conduct does not bar constitutional claims." Pl.'s Mot. 3.

The Court has already addressed the first argument regarding the requisite factual detail. *See* Discussion, *supra*, Section I. The second, third, and fourth arguments attack the merits of the affirmative defense. "[A] motion to strike is not the proper vehicle for disagreeing with the merits of an affirmative defense. If [the] plaintiff disagrees with the substance of an affirmative defense, he is free to raise the issue later on in the litigation." *Abdulaziz v. Indian River Trans. Co.*, No. 2:19-cv-00472-SU, 2019 WL 2866833, at *2 (D. Or. July 3, 2019). Indeed, Rule 12(f) motions are disfavored because "[t]here is a judicial preference for deciding matters on their merits when possible." *Iheanacho*, 2018 WL 1426564, at *2. The Court thus denies Plaintiff's Motion to strike the unclean hands affirmative defense.

7 – OPINION & ORDER

## CONCLUSION

The Court DENIES Plaintiff's Motion to Strike Defendant's Affirmative Defenses [50].

IT IS SO ORDERED.

DATED this  1st  day of July, 2026.

AMY M. BAGGIO
United States District Judge

8 – OPINION & ORDER