IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WILLIAM MINNIX,<br><br>Plaintiff,<br>v.<br><br>TOBIAS READ, Oregon Secretary of State,<br><br>Defendant. | Case No. 3:25-cv-01962-AB<br><br>OPINION & ORDER |

**BAGGIO, District Judge:**

Self-represented Plaintiff William Minnix brings this 42 U.S.C. § 1983 action against Defendant Tobias Read, the Oregon Secretary of State. Second Am. Compl. ("SAC"), ECF No. 43. Plaintiff moves for leave to file a third amended complaint. Pl.'s Mot. Leave File Third Am. Compl. ("Pl.'s Mot. Leave TAC"), ECF No. 62. For the reasons below, the Court grants in part and denies in part Plaintiff's motion.

## BACKGROUND

On October 22, 2025, Plaintiff brought suit against three Oregon state officials alleging that they "issued a defective recall petition template to [Plaintiff] in connection to the ongoing recall of Oregon Governor Tina Kotek." Compl. 5, ECF No. 2. Plaintiff alleged that "[b]y issuing a county level recall cover sheet rather than a state level recall cover sheet and instructions, the

Secretary of State imposed a confusing, misleading, and constitutionally defective framework[.]" *Id.* Plaintiff alleged violations of the First and Fourteenth Amendments and sought only declaratory and injunctive relief. *Id.* at 5–6. Two days later, Plaintiff filed an Amended Complaint removing two of the previously named defendants, leaving as the sole defendant Oregon Secretary of State Tobias Read. Am. Compl., ECF No. 7. Plaintiff's factual allegations and request for relief remained the same in his amended complaint. *Id.*

Between February 23 and March 3, 2026, Plaintiff filed two motions for leave to file an amended complaint, ECF Nos. 29-2, 31, a motion for leave to file a supplemental complaint, ECF No. 32, a motion for leave to file a first amended and supplemental complaint, ECF No. 34, and a motion that was in fact a proposed amended complaint, ECF No. 36. At ECF No. 29-2, Plaintiff titled his filing "Motion for Leave to Amend Complaint to Add Defendant Tobias Read in his Individual Capacity" and moved for leave to amend "to include Defendant Tobias Read in his individual capacity and to permit Plaintiff to pursue all remedies available under law, including punitive damages where appropriate." ECF No. 29-2 at 1, 3. Plaintiff did not mention individual capacity amendments or money damages in ECF Nos. 31, 32, 34, or 36. ECF No. 31 dealt with procedure. ECF No. 32 focused on supplementing the pleadings with post-filing developments. ECF No. 34 only contemplated Defendant Read in his official capacity. And ECF No. 36 was styled as a proposed amended complaint and only brings suit against Defendant Read "in his official capacity", ECF No. 36 ¶ 10.

In resolving all of these motions, the Court granted Plaintiff leave to file a second amended complaint. ECF No. 39. Plaintiff timely his Second Amended Complaint on March 15, 2026. In his Second Amended Complaint, Plaintiff names Defendant Read "in his official capacity." SAC ¶ 8. In the SAC, Plaintiff brings a single claim alleging "Defendant's conduct

violated the First Amendment as applied to the States through the Fourteenth Amendment." SAC ¶¶ 28–33. The Second Amended Complaint is the currently operative pleading.

## STANDARD

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings before trial. Where a party cannot amend its pleadings "as a matter of course" under Rule 15(a)(1), a party "may amend its pleading only with the opposing party's written consent or the court's leave" under Rule 15(a)(2). "The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15(a) is very liberal[.]" *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). However, "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id*. Not all of the factors are created equal. "[T]he consideration of prejudice to the opposing party . . . carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). Similarly, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). In contrast, "[u]ndue delay by itself is insufficient to justify denying leave to amend[.]" *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016).

## DISCUSSION

Plaintiff seeks leave to amend to bring suit against Defendant in his individual capacity and to bring new due process and equal protection claims. Pl.'s Mot. Leave TAC 6–9. The Court first addresses the individual capacity amendment before turning to the new Fourteenth Amendment claims.

## I. Amendment to Add Individual Capacity

Plaintiff moves to add an individual capacity claim against Defendant. Pl.'s Mot. Leave TAC 3 (argument); *id.* at 9 (proposed complaint). Defendant argues that he will suffer prejudice if the amendment is allowed and that Plaintiff has unduly delayed in bringing this amendment. Def.'s Resp. Opp'n Pl.'s Mot. ("Def.'s Resp.") 5, ECF No. 65. With respect to prejudice, Defendant argues that he is prejudiced because he has been defending this case as one that "sought only injunctive relief and centered on legal issues [that] required little factual development." *Id.* Defendant argues that "Plaintiff's late assertion of a damages claim brings a [whole] new fact intensive dimension to the case" and Defendant will now be burdened with evaluating and mitigating those damages as well as a potential need for experts. *Id.* With respect to undue delay, Defendant argues that Plaintiff fails to make any showing that he was unaware of the alleged damages at the time of earlier pleadings. *Id.* 5–6. For his part, Plaintiff declares that he "mistakenly believed that [he] adequately preserved the issues [he] intended to litigate" and that his PTSD increases the difficulty of understanding these "complex procedural requirements." Minnix Decl. ¶¶ 5, 15, ECF No. 64.

The Court concludes that Defendant will suffer prejudice if the amendment is allowed and that Plaintiff has unduly delayed in bringing individual capacity allegations. Notably, Plaintiff contemplated amending his complaint to include individual capacity claims in February 2026. *See* ECF No. 29-2 (titling one his February 2026 motions, "Plaintiff's Motion for Leave to Amend Complaint to Add Defendant Tobias Read in his Individual Capacity . . . ."). The Court granted Plaintiff leave to amend with respect to that motion and the multiple other motions, ECF No. 39, but Plaintiff did not bring individual capacity allegations in his Second Amended Complaint, ECF No. 43 ¶ 8 (naming Defendant Read only "in his official capacity"). This

sequence cuts against Plaintiff. The Court finds Defendant has, for the past ten months, defended this case as one seeking only equitable and not legal relief, and that Defendant would be prejudiced by the addition of individual capacity claims at this stage.[1] Because the Court finds Defendant prejudiced by, and Plaintiff to have unduly delayed in bringing, individual capacity allegations, the Court need not reach Defendant's qualified immunity futility argument. *See* Def.'s Resp. 7–10.

## II. Amendment to Add Due Process and Equal Protection Claims

Plaintiff moves to add claims for Fourteenth Amendment due process and equal protection violations. Pl.'s Mot. Leave TAC 3 (argument); *id.* at 8 (proposed complaint). Defendant argues that Plaintiff fails to allege sufficient facts to support his claims and thus, they are futile. Def.'s Resp. 6–7. The Court grants Plaintiff's motion for leave to add a due process claim but not to add an equal protection claim.

"The test for futility is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). Under that standard, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

[1] The Court recognizes the rule referenced in Plaintiff's reply that "[w]here state officials are named in a complaint which seeks damages under 42 U.S.C. § 1983, it is presumed that the officials are being sued in their individual capacities." *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994); *see* Pl.'s Reply Supp. Mot. Leave 3 (citing *Price v. Akaka*, 928 F.2d 824, 828 (9th Cir 1991) for this proposition), ECF No. 66. This presumption is inapplicable where, as here, Plaintiff's first three complaints did *not* seek damages and, in the case of the Second Amended Complaint, explicitly named Defendant in his official capacity. SAC ¶ 8.

(internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

A. Due Process

The Court "analyze[s] a procedural due process claim in two steps. The first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *United States v. Juvenile Male,* 670 F.3d 999, 1013 (9th Cir. 2012), *cert. denied,* 568 U.S. 868 (2012) (citation modified). "Due process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976) (setting forth factors for the court to consider). Plaintiff alleges in his proposed Third Amended Complaint that the "administration of the recall petition . . . deprived Plaintiff of protected petitioning opportunities without constitutionally adequate process." Pl.'s Mot. Leave TAC 8. At this juncture, the Court declines to determine the procedures demanded by this particular situation. Therefore, Plaintiff may add a Fourteenth Amendment procedural due process claim.

B. Equal Protection

There are two different ways to state an equal protection claim. First, a plaintiff may state an equal protection claim by alleging facts plausibly showing that "the defendants acted with an intent or purpose to discriminate against [the plaintiff] based upon membership in a protected class." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) (quoting *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)). Alternatively, a plaintiff may state an equal protection claim under a "class of one" theory by alleging facts that he "has been intentionally treated differently from others similarly situated and that there is no rational

basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To plead a class-of-one claim, a plaintiff must allege facts showing that the defendant "intentionally, and without rational basis, treated the plaintiff differently from others similarly situated." *N. Pacifica, LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). A class-of-one plaintiff bears the burden of showing that he is similarly situated to the proposed comparator "in all material respects." *SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1123 (9th Cir. 2022) (quotation omitted).

Here, Plaintiff does not allege membership in a protected class and thus cannot state a claim under a traditional equal protection framework. Likewise, Plaintiff does not allege a comparator to whom he is similarly situated in order to proceed under a "class of one" framework. Plaintiff fails to state an equal protection claim; thus, this amendment is futile and will not be permitted.

**CONCLUSION**

The Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Leave to File a Third Amended Complaint [62]. Plaintiff may file a Third Amended Complaint within 30 days of this Opinion & Order adding his Fourteenth Amendment due process claim as alleged in his proposed Third Amended Complaint. Plaintiff may not add individual capacity allegations or an equal protection claim.

IT IS SO ORDERED.

DATED this 14th day of September, 2026.

AMY M. BAGGIO
United States District Judge